SAMUEL, Judge.
This suit for a preliminary and subsequently a permanent injunction was instituted by the Parish of Jefferson against the owner of the premises 427 Duplessis Street, Metairie, Louisiana, to prohibit the use of that property for any purpose other than a single family dwelling. Two residents and owners of property in the vicinity intervened seeking the same injunctive relief.
The petitions allege the premises are being used as a triplex or three-family dwelling in violation of the Jefferson Parish Comprehensive Zoning Law (Ordinance No. 3813 as amended by Ordinance No. 5687), the building in question was erected prior to the adoption of that zoning ordinance and had enjoyed a nonconforming use thereunder, but such nonconforming use had been lost and could not be reestablished because the same had been discontinued for more than two years. Defendant’s answer is in the form of a general denial except that he admits ownership of the property, its present use as a threerfamily dwelling and its erection prior to the adoption of the zoning ordinance. After trial there was judgment granting a preliminary injunction as prayed. Defendant has appealed therefrom.
There is no dispute concerning the following facts: The building is located in an R-l District in which residential use is limited by the Jefferson Parish Comprehensive Zoning Law, Section VII 2 A, to single family dwellings. It was originally erected as a double in 1945 and shortly thereafter was converted to a triplex with the addition of another apartment. For a considerable period of time prior to 1959 the building was owned by a person or family named Counce and Mrs. Counce occupied one of two lower apartments, her daughter, a Mrs. Boyd (the divorced wife of the defendant), occupied the other lower apartment and her daughter-in-law, with her children, lived in the upper apartment. Having been used as a triplex prior to the adoption of the zoning ordinance in 1958, under that ordinance (Section XVIII) it enjoyed a nonconforming use which could be lost by being discontinued for a period of at least two years and after loss thereof such nonconforming use could not be reestablished. The defendant purchased the property from the Counce estate in September, 1964, made some alterations and proceeded to place tenants in three apartments.
The sole question presented to us is one of fact: whether or not use of the building as a double or as a triplex had been discontinued for more than two years subsequent to the adoption of the zoning ordinance in 1958.
Six witnesses testified on behalf of plaintiff and the intervenors. All of them lived or had lived in the immediate vicinity of the building in question, some on adjoining property and none more than half a block away, for periods of time varying from mínimums of 1961 to date of trial and *875 1959 to August, 1965 to a maximum of more than eight years. Some of these witnesses had been inside the building prior to its purchase by the defendant, others had not. All of them had observed the building and its occupancy on a daily, or almost daily, basis. The testimony of these witnesses is to the following effect:
For some time prior to 1959 the building was occupied by Mrs. Counce, who lived on the lower floor, her daughter, Mrs. Boyd, who also lived on the lower floor, apparently with her mother since the partition which had separated the two lower apartments had been removed, and Mrs. Counce’s daughter-in-law, who lived in the upper apartment with her two children. The daughter-in-law moved from the upper apartment in 1959 and that apartment remained vacant thereafter until the defendant rented it to tenants in 1965. Mrs. Counce died in the early part of 1960 and Mrs. Boyd was the only occupant of the lower floor, and of the entire building, from the date of Mrs. Counce’s death until after the defendant purchased the building in the latter part of 1964.
In addition to the defendant himself, three witnesses testified on behalf of the defendant. One of those three witnesses, the contractor who had done the alterations for defendant subsequent to the latter’s purchase of the' property in 1964, had not been familiar with the building prior to the time such work was begun, did not know of his own knowledge what use it had been put to before that purchase, and based his testimony and conclusion on what he admitted was hearsay plus the fact that when he began the work the building contained three kitchens and three bathrooms. Another of those three witnesses based his opinion on what he had heard, on the fact that the basic design for three apartments apparently had not been changed, and because on some occasions he had ridden past and seen people coming out of the building whom he assumed, but did not know, lived there. He had known the Counce family and had been in the building. But he admitted he had not been in-' side for a considerable period of time, the exact time referred to not being shown by his testimony. The last of the three witnesses didn’t know of his own knowledge that the building had ever been Occupied as a single, double or triplex.
The defendant testified he had been familiar with the building since its construction in 1945 and continuously thereafter. He had been married to (and divorced from) Mrs. Counce’s daughter. In the earlier years he had been in the house many times, had seen people entering and leaving the three apartments in more recent years, and had purchased the property as a triplex which he knew it to be.
The record also contains documentary evidence which was admitted without objection and consists of a letter from the Louisiana Power & Light Company together with an itemized record of electrical service to the building from March 30, 1959 to February 3, 1965. The letter states the service to apartment A was carried in the “immediate past tenant’s name” (presumably Mrs. Counce) from April 30, 1945 to September 9, 1964 and the service to apartment B was carried in the “immediate past tenant’s name” from January 7, 1952 to September 14, 1964. On the two September dates in 1964 the service was placed in the defendant’s name. We understand the apartments A and B referred to are the lower apartments. The itemized record shows a third apartment C, which we understand was the upper apartment, to which there was no electrical service whatsoever from June, 1960 to September, 1964. That record also shows the service to apartment B during all of the time from March 3fy 1959 to February 3, 1965 was so minimal (in almost every instance a kilowatt count of 35 or less) as compared to apartment A that it appears B was used only as a supplement to A.
The trial court found that for at least two years preceding the purchase of the property by the defendant the upstairs apartment *876 was vacant and the property was occupied only by Mrs. Boyd who alone used the two downstairs apartments. We agree with this finding of fact.
The judgment appealed from is affirmed.
Affirmed.